UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **SHIRLEY ANN TRAVIS** | \* | **CIVIL ACTION NO.  07-0902** |
| **VERSUS** | \* | |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | \* | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM RULING**

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment.  For the reasons assigned below, the decision of the Commissioner is **REVERSED** and the matter **REMANDED** for further proceedings.

**Background & Procedural History**

Shirley Ann Travis filed the instant applications for disabled widow's benefits and supplemental security income payments on February 15, and February 9, 2005, respectively.  (Tr. 64-66, 196-198).  She alleged disability since October 1, 2006, due to diabetes; her thyroid; high blood pressure; elevated cholesterol; depression; left hand, left leg, and lower back problems; "engima problem;" vision problems; allergies which cause sinus, breathing, and vision problems; and cervical tumors.  (Tr. 64, 74).  The claims were denied at the initial stage of the

administrative process. (Tr. 43, 46-49, 201-203).[1] Thereafter, Travis requested and received a September 12, 2006, hearing before an Administrative Law Judge ("ALJ"). (Tr. 218-248). However, on November 29, 2006, the ALJ issued two written decisions. In the first decision, he determined that plaintiff was not eligible for disabled widow's benefits because she had not reached the age of 50, nor submitted a marriage certificate. (Tr. 10-14).[2] In the second decision, the ALJ determined that Travis was not disabled under the Act, finding at Step Five of the sequential evaluation process that she was able to make an adjustment to other work that exists in substantial numbers in the national economy. (Tr. 15-24). Travis appealed the adverse decision to the Appeals Council. On April 12, 2007, the Appeals Council denied Travis's request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

On May 29, 2007, Travis sought review before this court. She alleges that the ALJ erred because he ignored her extreme obesity.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant

---

[1] The application for disabled widow's benefits was denied upon reconsideration. (Tr. 204-206).

[2] Plaintiff does not challenge this decision on appeal. (*See*, Pl. Brief, pg. 1, n1).

2

evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step

sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

>   (1)  An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.
>
>   (2)  An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.
>
>   (3)   An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.
>
>   (4)  If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.
>
>   (5)  If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that Travis suffers from severe impairments of type II diabetes mellitus, degenerative disc disease in the lumbar spine, degenerative joint disease, hypertension, a history of hyperlipidema, and depression.  (Tr. 20).

However, the ALJ concluded that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. (Tr. 20-21).

The ALJ next determined that Travis retained the residual functional capacity for light work with the ability to occasionally perform postural activities such as balancing, kneeling, crouching, crawling, stooping, and climbing stairs. (Tr. 21). However, Travis should never climb ladders, scaffolds or ropes. *Id*. She can perform tasks requiring frequent near and far acuity. *Id*. She is also moderately limited in her ability to: understand, remember and carry out detailed instructions; maintain attention and concentration; interact appropriately with the general public; and to realistically set goals independently of others. *Id*.[3]

Plaintiff contends that the ALJ erred because he failed to address whether her obesity caused any physical or mental limitations. Plaintiff relies on Social Security Ruling 02-1p which states that "[w]hen we identify obesity as a medically determinable impairment . . . we will consider any functional limitations resulting from the obesity in the RFC assessment, in addition to any limitations resulting from any other physical or mental impairments that we identify."

---

[3] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

SSR 02-1p.[4]  Broadly read, plaintiff's argument challenges the sufficiency of the ALJ's residual functional capacity determination.

The instant record contains some treatment notes and x-ray results diagnosing plaintiff's medically determinable impairments. However, no physician has rendered an opinion regarding plaintiff's physical and mental capacity for work despite her impairments.[5]  Although, plaintiff's testimony provides some support for portions of the ALJ's residual functional capacity assessment,[6] there is no record evidence to support *inter alia* the ALJ's implicit finding that Travis could stand or walk for a total of six hours in an eight hour day as required to perform light work. *See*, SSR 83-10 (describing requirements of light work).[7]  Moreover, there is no record evidence documenting the effects and limitations of plaintiff's mental impairment.

---

[4]  Although Social Security Rulings are not binding on the federal courts, they are "binding on all components of the Social Security Administration." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001); 20 C.F.R. § 402.35 (b)(1). The Fifth Circuit frequently relies upon the rulings in evaluating the Commissioner's decisions. *Myers, supra* (citations omitted).

[5]  The ALJ noted that plaintiff presented for a consultative physical examination on May 12, 2005, but was asked to leave because she was rude and uncooperative. (Tr. 22, 125-126). On July 7, 2006, however, plaintiff and a witness submitted letters challenging the physician's version of events. (Tr. 111-112). The ALJ did not resolve this factual dispute. Moreover, there is no evidence that the Commissioner attempted to send plaintiff to a different consultative examiner. *See*, 20 C.F.R. 404.1519j (if claimant has good cause to object to the medical source, the Commissioner will schedule the examination with a different medical source).

The disability examiner noted that because the consultative examination was not completed, the record contained insufficient evidence to evaluate Travis's condition "(e.g. range of motion and effects of obesity)." (Tr. 44). The disability examiner found that Travis was not disabled because the evidence – in the absence of a consultative examination – did not establish disability. (Tr. 46). However, the disability examiner did not have the benefit of plaintiff's version of events.

[6]  Travis stated that she can lift up to ten pounds, walk for 10-12 minutes, and sit for approximately one hour. (Tr. 231-232).

[7]  There is also no evidence that Travis could sit for a total of approximately six hours as required to perform sedentary work. *Id*.

In the absence of any valid medical assessment or other corroborating evidence to support the ALJ's residual functional capacity determination, the court is constrained to find that the ALJ's assessment is not supported by substantial evidence. *See, Ripley v. Chater* 67 F.3d 552, 557 -558 (5th Cir. 1995) (substantial evidence lacking where: no medical assessment of claimant's residual functional capacity, and claimant's testimony was inconsistent with ALJ's assessment); *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004)(unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).

Because the foundation for the Commissioner's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled, is also not supported by substantial evidence. For the foregoing reasons,

The Commissioner's decision is **REVERSED**, and the matter **REMANDED** for further proceedings in accordance with this opinion.

THUS DONE AND SIGNED, in Monroe, Louisiana, on the 16th day of June, 2008.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE